IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tammie Thompson and Debra Love, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Ciox Health, LLC, individually and d/b/a IOD Incorporated, and ScanSTAT Technologies, LLC,<br><br>　　　　　　Defendants. | Civil Action No. 2:20-2847-BHH<br><br>**<u>ORDER</u>** |

Plaintiffs Tammie Thompson ("Thompson") and Debra Love ("Love") (collectively "Plaintiffs") filed this proposed class action against Defendants Ciox Health, LLC, individually and d/b/a IOD Incorporated ("Ciox"), and ScanSTAT Technologies, LLC ("ScanSTAT") (collectively "Defendants"), asserting claims for violation of South Carolina's Physicians' Patient Records Act, S.C. Code §§ 44-115-10 through -160 (2018) ("Patient Records Act"), breach of contract, and unjust enrichment, and seeking a declaratory judgment pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Defendant Ciox filed a motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6). Plaintiffs filed a response in opposition to Ciox's motion, and Defendant filed a reply. For the reasons set forth herein, the Court grants Defendant Ciox's motion to dismiss.

**<u>STANDARD OF REVIEW</u>**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines

the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court held in *Twombly*, the pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendantunlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

In its motion to dismiss, Ciox asserts that: (1) the Patient Records Act does not apply to Ciox because it is neither a physician nor an owner of medical records; (2) the Patient Records Act does not create a private right of action; (3) Ciox permissibly charged Plaintiff

2

Thompson two search and handling fees; (4) Plaintiffs have not plausibly alleged that Ciox's charge for providing a CD containing imaging violated the Patient Records Act; and (5) the Patient Records Act does not prohibit charging fees for additional services beyond medical records provision, such as Ciox's eDelivery Service and a Certification Fee.

Plaintiffs oppose Defendant Ciox's motion, asserting that the Patient Records Act creates an implied private right of action and that the Act necessarily applies to Ciox. Additionally, Plaintiffs argue that the complaint plausibly alleges that Ciox unlawfully charged for patient records, and that Plaintiffs' claims are not otherwise subject to dismissal.

After a thorough review of the parties' briefs and the applicable law, the Court agrees with Defendant Ciox that the Patient Records Act does not apply to Ciox because it is not a physician, health care provider, or other owner of medical records. Additionally, the Court agrees with Ciox that the Patient Records Act does not create a private right of action, either express or implied.

First, the plain language of § 44-115-80(A) refers to the fees that "[a] physician, or other owner of medical records as provided for in Section 44-115-130"[1] may charge for

---

[1] Section 44-115-130 provides:

A physician may not sell medical records to someone other than a physician or osteopath licensed by the South Carolina State Board of Medical Examiners or a hospital licensed by the South Carolina Department of Health and Environmental Control. Exceptions to this prohibition may be granted and approved by the South Carolina State Board of Medical Examiners.

Before a physician may sell medical records, he must cause to be published a public notice of his intention to sell the records in a newspaper of general circulation in the area of his practice at least three times in the ninety days preceding the sale. The notice shall advise patients they may retrieve their records if they prefer that their records not be included in the sale.

search and duplication of electronic medical records.  S.C. Code § 44-115-80(A).  Section 44-115-80(B) refers to "[a] physician, health care provider, or other owner of medical records," and § 44-115-80(C) refers to a "physician."  S.C. Code §§ 44-115-80(B) and (C).  Defendant Ciox is not a physician or health care provider.  Moreover, South Carolina law expressly prohibits it, as a medical records company, from being an "owner of medical records."  *See* S.C. Code § 44-115-130 (prohibiting the sale of medical records to anyone "other than a physician or osteopath . . . or a hospital").  Stated plainly, if the South Carolina Legislature wished to restrict the fees that a company like Ciox can charge for its services by enacting the Patient Records Act, it easily could have done so.  However, because the Patient Records Act, by its plain language, applies only to physicians and other owners of medical records and does not apply to Ciox, the Court finds Plaintiffs' claims are subject to dismissal.[2]

Next, the Court agrees with Defendant Ciox that the Patient Records Act does not create a private right of action, either express or implied.  *See Blackstock v. Pee Dee Mental Health*, No. 4:17-cv-2055, 2017 WL 4791087 (D.S.C. Oct. 23, 2017) (adopting the Magistrate Judge's recommendation and dismissing Plaintiff's complaint because the Physicians' Patient Records Act does not provide for a private right of action).[3]  In essence,

---

S.C. Code § 44-115-130.

[2] Plaintiffs' claims for breach of contract and unjust enrichment, and their request for declaratory judgment, all depend on their claim for violation of the Patient Records Act.  Therefore, the Court finds all of Plaintiffs' claims subject to dismissal for the reasons set forth in this order.

[3] In the Report and Recommendation adopted by Judge Harwell, Magistrate Judge Kaymani D. West explained that the "only South Carolina case to cite to the Act since its enactment did not hold that a private right of action was available." *Blackstock v. PeeDee Mental Health*, No. 4:17-cv-2055, 217 WL 4838814, *3 (D.S.C. Aug. 31, 2017) (citing *McCormick v. England*, 494 S.E.2d 431, 434 (S.C. Ct. App. 1997) (finding a common law tort of breach of a physician's duty of confidentiality and not finding a statutory cause of action under the Physicians' Patient Records Act).

4

the Court is not convinced by Plaintiffs' arguments that the Supreme Court of South Carolina would find a private right of action based on the title, framework, and purpose of the Patient Records Act. As Ciox points out in its reply brief, the Patient Records Act was enacted for the general welfare of the public and not for the special benefit of a private party. Moreover, it is the *Physicians'* Patient Records Act, and the legislative history of the Act indicates that it was geared toward establishing rules governing how *physicians* maintain and control medical records. Finally, the Legislature would not have amended the Certificate of Need and Health Facility Licensure Act ("the CON Act"), S.C. Code §§ 44-7-110 through -394, to prevent physician overcharges if it had already prohibited them when it enacted the Patient Records Act just two years prior. *See Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 121-22, 678 S.E.2d 430, 433 (2009).[4]

Lastly, because the Court agrees with Ciox on these first two points, which are equally fatal to Plaintiffs' complaint, it need not reach the remainder of Defendant's arguments.

## CONCLUSION

Based on the foregoing, the Court grants Defendant Ciox's motion to dismiss (ECF No. 15). Moreover, although Defendant ScanSTAT Technologies, LLC ("ScanSTAT") did not specifically join in Ciox's motion, because the Court's findings that (1) the Patient Records Act applies only to physicians, health care providers, or other owners of medical records and (2) the Patient Records Act does not create a private right of action would

---

[4] In *Dema*, the Supreme Court of South Carolina held that the CON Act, which contains a virtually identical copying fee provision to that contained in the Patient Records Act (*compare* S.C. Code §§ 44-7-325 and 44-115-80), does not confer a private right of action.

5

apply equally to Defendant ScanSTAT, the Court hereby dismisses Plaintiffs' complaint in full.

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 2, 2021
Charleston, South Carolina